IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARCUS D. WILLIAMS, #66417                                         PLAINTIFF

VERSUS                                                               CIVIL ACTION NO. 5:13-cv-117-KS-MTP

CORRECTIONS CORPORATION OF AMERICA,
WILKINSON COUNTY CORRECTIONAL FACILITY,
C/O UNIT MANAGEMENT L. WILSON,
CORRECTIONAL COUNSELOR BURDEN,
and C/O D. HUNTER                                            DEFENDANTS

<u>OPINION and ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. The plaintiff, an inmate at the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Corrections Corporation of America, Wilkinson County Correctional Facility, C/O Unit Management L. Wilson, Correctional Counselor Burden, and C/O D. Hunter. As relief, the plaintiff is seeking monetary damages.

The Court entered an order [11] on October 1, 2013, directing Plaintiff to provide additional information relating to his complaint. Plaintiff complied by filing his response [13] on October 16, 2013. Having reviewed and considered Plaintiff's complaint [1] and response [13], the Court has come to the following decision.

<u>Background</u>

Plaintiff complains that he was wrongfully placed in administrative segregation pending a disciplinary action. Compl. [1] at 3. Because Plaintiff was placed in administrative segregation, he was unable to attend his education program which hindered his rehabilitation. *Id*. Plaintiff states that he was not given a copy of the charges being brought against him as required by the Mississippi Department of Corrections (MDOC) policy and procedure. After the hearing officer conducted an

investigation into this matter, the disciplinary charges were dropped. *Id*. at 4. In his complaint [1], Plaintiff argues that his due process rights were violated because he was not served with the notice of the disciplinary charges and that Defendants Burden and Hunter falsified documents stating that Plaintiff had waived his rights. *Id*. Finally, Plaintiff complains that Defendant Hunter violated his right to equal protection when she signed her name on a document stating that she had witnessed an incident that never took place. *Id*. at 5.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case. *See* Ord. [12]. As discussed below, Plaintiff's § 1983 action is frivolous because it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law, *see, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989), and also fails to state a claim, *see Thornton v. Merchant*, 2011 WL 147929 at * 8 (Jan. 18, 2011).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev*., 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). Plaintiff's claims that his due process rights concerning a disciplinary proceeding were violated because of a falsified state document and Defendants' failure to follow the MDOC procedure in notifying

Plaintiff of the disciplinary charges against him as well as his claim that his right to equal protection was violated do not rise to a level of his constitutional rights being violated.

Plaintiff alleges that his due process rights have been violated concerning being placed in administrative segregation without the prison officials following the policies and procedures of MDOC and being given a false Rule Violation Report. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *See Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997)(holding that an inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Moore v. Sawyer*, 2010 WL 6004375, at *1 (E.D. Tex. July 26, 2010)(determining that loss of phone and visitation privileges did not rise to a level of a constitutional deprivation); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000)(concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause). Additionally, a prisoner does not have constitutional right to a particular housing assignment. *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)(relying on the decisions of *Olim v. Wakinekona*, 461 U.S. 238,

244-45 (1983) and *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)(holding "a prisoner has no liberty interest in being housed in any particular facility")).  Therefore, under the allegations of the instant civil action, Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by being placed in administrative segregation.  Thus, he has not suffered a violation of his due process rights cognizable under 42 U.S.C. § 1983.  *See Braxton v. Gusman*, 2011 WL 802622, at *4-5 (E.D. La. Feb. 7, 2011).

Also, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was not followed by the Defendants concerning the disciplinary proceeding.  *See Emmett v. Affey*, 2012 WL 5354617, at *5 (S.D. Tex. Oct. 26, 2012)(stating that "[a]n assertion that a prison official failed to follow departmental regulations must, on its own merit, state a constitutional claim").  This Court finds that Plaintiff being placed in administrative segregation, even though that RVR was eventually dismissed, does not trigger due process protection of the Constitution.  *See Sandin*, 515 U.S. at 486 (1995); *see also Sharp*, 2000 WL 960568, at *1.  Hence, the claim that the Defendants violated Plaintiff's constitutional right by failing to follow MDOC policy and procedure, without more, simply does not rise to a level of constitutional deprivation.  *See Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986))(deciding "[a] violation of prison regulations, without more, does not give rise to a federal constitutional violation").

As for plaintiff's claim that his right of equal protection was violated, the Court finds that the Plaintiff did not establish such a violation.  To establish a violation of the Equal Protection Clause, Plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson,* 257 F.3d 470, 473 (5th Cir.2001).   Plaintiff was given an opportunity to provide additional information to this Court to support his claim that Defendant Hunter

4

violated his right of equal protection.  *See* Order [11].  Yet, Plaintiff did not provide the required information, but simply restated in his response [13] that Defendant Hunter deprived him of his due process and equal protection rights.  Plaintiff's claim that his right to equal protection has been violated is conclusory and, as such, will be dismissed for failure to state a claim.  *See Flemings v. City of Dallas,* 2010 WL 3938377, *6 (N.D. Tex. Aug. 21, 2010)(citing *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987)(stating that "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes ... must plead the operative facts upon which their claim is based.  Mere conclusory allegations are insufficient."); *see also Thornton*, 2011 WL 147929 at * 8 (holding that conclusory statements fail to state a claim upon which relief may be granted).

## Conclusion

As stated above, Plaintiff's allegations do not implicate violations of his due process or equal protection rights.  Therefore, the instant civil action will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and will count as a strike pursuant to 28 U.S.C.

§ 1915(g).  If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this opinion and order will be entered.

THIS the 13th  day of January, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE